**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

OLD ST. PAUL MISSIONARY BAPTIST CHURCH                                    PLAINTIFF

v.                                         No. 3:07CV00043 JLH

FIRST NATION INSURANCE GROUP;
AA RISK MANAGEMENT, INC.;
AA COMMUNICATIONS, INC.;
GWEN MOYO; CRAIG GREENE;
DANIEL ESPARZA; JAMES E. ZOUCHA;
CONG LI;  and DOE COMPANIES 1-10                                          DEFENDANTS

**OPINION AND ORDER**

Old St. Paul Missionary Baptist Church ("Old St. Paul") brought this action against First Nation Insurance Group ("First Nation") and other named defendants.  Old St. Paul has filed a renewed motion to strike and for ruling on service and personal jurisdiction (Docket #102), to which First Nation has responded (Docket #115).  Old St. Paul has also filed a motion to extend time for service of First Nation (Docket #114), to which First Nation has responded and objects (Docket #115).  For the following reasons, the Court holds that First Nation has been properly served, Old St. Paul's motion to strike is denied, and Old St. Paul's motion to extend time for service is denied as moot.

**I.**

Old St. Paul initiated this action against the defendants in the Circuit Court of Crittenden County.  On April 13, 2007, the case was removed to the Eastern District of Arkansas.  Prior to the two pending motions, Old St. Paul had filed a motion to strike the defendants' answer to the original complaint (Docket #9) and a motion to extend time for service (Docket #40).  In the motion to strike, Old St. Paul asserted that First Nation had acted as an unauthorized insurer under Ark. Code Ann.

§ 23-65-201 and was thus precluded from filing a pleading under section 23-65-205 until it procured a certificate of authority to transact business in Arkansas or deposited with the clerk of the court cash or securities sufficient to secure payment of any final judgment. Therefore, Old St. Paul argued, the court should strike First Nation's answer to the original complaint.

First Nation then filed a motion for leave to file an amended and substituted answer (Docket #34). The answer to the original complaint was made on behalf of all named defendants and did not affirmatively state a defense for improper service, meaning that the defendants had waived that affirmative defense. First Nation asserted that the answer was filed without First Nation's knowledge or authority. First Nation stated that no authorized representative of First Nation ever spoke with the attorneys who answered on behalf of all defendants. Therefore, First Nation requested that the court allow it to file an amended and substituted answer, which would preserve its defense for improper service and correct what First Nation considered to be misstatements of fact in the original answer.

In a September 13, 2007 order (Docket #61), the Court granted Old St. Paul's motion for leave to file its first amended complaint (Docket #53) because the defendants had not objected and the time for doing so had passed. First Nation's motion for leave to file an amended and substituted answer was denied, as First Nation was allowed to file an amended answer after Old St. Paul filed its amended complaint. Similarly, Old St. Paul's motion to strike the original answer of First Nation was denied, since First Nation would file an amended answer in response to Old St. Paul's amended complaint.

Old St. Paul filed its first amended complaint (Docket #64), and First Nation filed its answer to the first amended complaint (Docket #67). Old St. Paul then re-filed a motion to strike First

2

Nation's answer (Docket #70), making the same allegations that First Nation was an unauthorized insurer in Arkansas. In a January 22, 2008 order (Docket #83), the Court reserved judgment on the motion to strike until it could be determined if First Nation had been properly served. Old St. Paul then re-filed its motion to strike (Docket #98), but the Court denied that motion because Old St. Paul had added no new information about whether First Nation had properly been served (Docket #100). Therefore, Old St. Paul's motion to strike was again denied without prejudice until it could be determined if First Nation had properly been served.

## II.

On September 12, 2008, Old St. Paul filed the pending motion to strike First Nation's answer to the first amended complaint (Docket #102), and it requested a ruling on service and personal jurisdiction of First Nation. Old St. Paul argues that First Nation acted as an unauthorized insurer in the state of Arkansas pursuant to Ark. Code Ann. § 23-65-201 *et seq.* As a result, Old St. Paul argues, the Court should strike First Nation's answer to the first amended complaint pursuant to section 23-65-205(1), unless and until First Nation (a) procures a certificate of authority to transact insurance in Arkansas or (b) deposits with the clerk of the court cash or securities sufficient to secure payment of any final judgment in this case.

Old St. Paul argues that First Nation was effectively served in at least one of four ways. Old St. Paul states that First Nation, by acting as an unauthorized insurer in Arkansas, was deemed to have appointed by operation of law the state Insurance Commissioner as its attorney and agent for service of process. ARK. CODE ANN. § 23-65-202. Old St. Paul asserts that Gwen Moyo, First Nation's general counsel, was acting as its agent when she sold an insurance policy to Old St. Paul. First Nation, however, denies that Moyo was acting as its agent, and it has presented evidence that

it terminated her employment as its general counsel well before the sale of a policy to Old St. Paul. Therefore, whether First Nation was acting as an unauthorized insurer in the state of Arkansas is in dispute, and based on the evidence before the Court at this time, the Court is unable to determine that First Nation appointed the Insurance Commissioner by operation of law as its agent for service of process.

Old St. Paul states that it effected direct personal service on July 31, 2008. In its renewed motion to strike, Old St. Paul states that it "respectfully submits that in its order of September 3, 2008, the court appears to have overlooked plaintiff's second affidavit of service on [First Nation], which was filed on August 19, 2008." Old St. Paul submitted the referenced second affidavit of service (Docket #96) prior to its penultimate motion to strike (Docket #98), but it does not appear that Old St. Paul brought the second affidavit or its contents to the Court's attention in that motion to strike.

In the second affidavit of service, Calvin Cull swears that he personally served Vijay Kumar, First Nation's designated agent for service, in Ontario, Canada, with a copy of the summons and first amended complaint. Subsections (b) and (c) of Article 10 of the Hague Convention state the following:

> Provided that the State of destination does not object, the present Convention shall not interfere with . . . (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination, (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Canada has not objected to the methods of service in subsections (b) and (c). *See Dimensional Communications, Inc. v. OZ Optics Ltd.*, 218 F. Supp. 2d 653, 656 (D. N.J. 2002) (citing U.S.C. S.

International Agreements, at 283 (Law Co-op 1995)); *see also* Hague Conference on Private International Law, Canada—Central Authority & Practical Information, http://www.hcch.net/index_en.php?act=authorities.details&aid=248.

Old St. Paul has provided evidence that it personally served First Nation's designated agent for service of process on July 31, 2008.  Old St. Paul's personal service in Canada is in accord with the service provisions of Article 10 of the Hague Convention, to which Canada has not objected. In response, First Nation states only that it cannot now specifically confirm whether Old St. Paul personally served its designated agent for service and that it cannot contest the affidavit at this time. Because First Nation cannot contest the evidence of personal service presented by Old St. Paul, the Court finds that Old St. Paul has properly effected service of process on First Nation by means of personal service of the summons and first amended complaint, in compliance with the Hague Convention and the laws of Canada.

Finally, Old St. Paul also asserts that First Nation waived service in its answer to the original complaint in state court and that First Nation was served in Canada by registered mail.  Because it has been determined that Old St. Paul effected direct personal service on First Nation, the Court need not consider whether First Nation waived its defense of improper service or whether Old St. Paul effected service by registered mail.

## CONCLUSION

Old St. Paul has provided evidence that it personally served First Nation's agent for service of process in Ontario, Canada.  Personal service of process is allowed by Article 10 of the Hague Convention and the laws of Canada.  First Nation does not dispute—indeed, states that it cannot dispute—the second affidavit of service of process or Old St. Paul's assertion that personal service

5

of process was effected. Therefore, the Court finds that First Nation has sufficiently been served. However, as discussed above, First Nation has presented evidence showing that Gwen Moyo was not acting as its agent when she allegedly sold an insurance policy to Old St. Paul. Therefore, the Court is unable at this time to conclude that First Nation was acting as an unauthorized insurer in the state of Arkansas. Accordingly, although the Court finds that service of process has been properly effected on First Nation, Old St. Paul's renewed motion to strike is DENIED (Docket #102). Old St. Paul has also asked for a ruling on personal jurisdiction. Because First Nation has not filed a motion to dismiss for lack of personal jurisdiction, the matter is not yet ripe for the Court's review. Old St. Paul has also filed a motion to extend time for service of First Nation, and that motion is DENIED as moot (Docket #114).

IT IS SO ORDERED this 10th day of February, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE