IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

OLD ST. PAUL MISSIONARY BAPTIST CHURCH                                        PLAINTIFF

v.                              Case No. 3:07CV00043 JLH

FIRST NATION INSURANCE GROUP, *et al.*                                      DEFENDANTS

**OPINION AND ORDER**

This case arises from a construction project gone sour. Old St. Paul Missionary Baptist Church hired a contractor to build a new worship center, the contractor defaulted, and Old St. Paul made claims on the performance and payment bonds, to no avail. Old St. Paul then sued. As it turned out, the surety—First Nation Insurance Group—is not authorized to write surety bonds in Arkansas or anywhere else. It purports to be a Canadian business entity, but the undisputed evidence shows that it has no lawful existence as any kind of business entity in Canada. First Nation Insurance Group hired lawyers to defend for a time, but all of the lawyers eventually withdrew.

The Court granted summary judgment in favor of Old St. Paul on the issue of liability on the following claims: (1) against First Nation Insurance Group for breach of the performance bond, bad faith, for engaging in insurance transactions without authority from the Arkansas Insurance Department in violation of Ark. Code Ann. § 23-65-101, and fraud; (2) against Gwen Moyo for engaging in an insurance transaction without authority from the Arkansas Insurance Department,[1] and fraud; and (3) against Daniel Esparza and Craig Greene for engaging in an insurance transaction without authority from the Arkansas Insurance Department. On May 4, 2010, the Clerk's entry of default was entered against separate defendant Cong Li. The Court conducted a trial on the

---

[1] The liability of the individuals was based on Ark. Code Ann. § 23-65-101(f), which makes any person who aids in an unauthorized insurance transaction personally liable for damages caused by the unauthorized insurer, including unpaid claims.

remaining issues, including damages. The jury returned a verdict for compensatory damages in the amount of $3,016,700. The jury returned verdicts for punitive damages in the amount of $12,166,700 against First Nation Insurance Group, in the amount of $12,750,000 against Gwen Moyo, in the amount of $9,208,333 against Craig Green, and in the amount of $6,500,000 against Daniel Esparza. The Court entered judgment pursuant to the jury's verdict.

Old St. Paul has now filed a motion seeking an attorney's fee pursuant to Ark. Code Ann. § 23-79-208. Old St. Paul asks the Court to award an attorney's fee based on its contingency fee agreement with its attorney. That agreement provides for a fee of 25% of the recovery, plus costs and expenses. In the alternative, Old St. Paul asks that the Court award fees in an amount calculated according to the lodestar method plus a premium.

Arkansas Code Annotated § 23-79-208(a)(1) provides for the recovery of attorney's fees in insurance coverage disputes:

> In all cases in which loss occurs and the . . . surety . . . liable therefor shall fail to pay the losses within the time specified in the policy after demand is made, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his or her assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.

This statute provides for an award of attorney's fees to the insured "[i]n the event an insurer wrongfully refuses to pay benefits under an insurance policy." *Phelps v. U.S. Credit Life Ins. Co.*, 340 Ark. 439, 442, 10 S.W.3d 854, 856 (2000) (quoting *Northwestern Nat'l Life Ins. Co. v. Heslip*, 309 Ark. 319, 326-27, 832 S.W.2d 463, 467 (1992)); *see also State Farm Fire & Cas. Co. v. Stockton*, 295 Ark. 560, 565, 750 S.W.2d 945, 948 (1988). In addition, section 6.2 of the performance bond provided that Old St. Paul could recover legal costs resulting from the contractor's default and the actions or failure to act of the surety.

The Court found that First Nation Insurance Group was liable for breach of contract when it failed to fulfill its obligations under the performance bond. Thus, Old St. Paul is entitled to recover attorney's fees from First Nation Insurance Group pursuant to section 23-79-208 and section 6.2 of the performance bond.

The Court did not, however, find that the individual defendants were liable for breach of contract. The Court found Gwen Moyo liable for fraud. The Court also found that she is personally liable pursuant to Ark. Code Ann. § 23-65-101(f) because she solicited and negotiated for the payment and performance bonds, inspected the risks, investigated Old St. Paul's claim for losses, and collected premiums. Greene, Esparza, and Li were personally liable pursuant to section 23-65-101(f) because they assisted Moyo and First Nation Insurance Group in the unauthorized insurance transaction. The Court did not find any of the individual defendants liable for breach of contract as there was no contract between any of them and Old St. Paul. The Court concluded that the claims against the individual defendants sounded in tort rather than contract and thus submitted Old St. Paul's punitive damage claims to the jury.[2] Because the claims on which the individual defendants were found liable sounded in tort rather than contract, section 23-79-208 does not authorize an award of attorney's fees for those claims. *Tri-State Ins. Co. v. Busby*, 251 Ark. 568, 572, 473 S.W.2d 893, 896 (1971).[3]

---

[2] Arkansas does not allow punitive damages in contract actions. *See* HOWARD W. BRILL, ARKANSAS PRACTICE SERIES: LAW OF DAMAGES § 9:3 (5th ed. 2004).

[3] Similarly, Ark. Code Ann. § 16-22-308 authorizes an award of attorney's fees to the prevailing party in an action based in contract but not in an action based in tort. *Wheeler Motor Co., Inc. v. Roth*, 315 Ark. 318, 329, 807 S.W.2d 446, 451 (1993).

Section 23-79-208(a)(1) provides for an award of "all reasonable attorney's fees for the prosecution and collection of the loss." The purpose of awarding attorney's fees under section 23-79-208 is:

> to reimburse an insurance policyholder or beneficiary for expenses incurred in enforcing the contract and to compensate him in engaging counsel thoroughly competent to protect his interests. The fee is not the property of the attorney; instead, it is indemnity to the litigant. Thus, the fee awarded should not exceed the amount that the client is responsible for paying, otherwise the statute would be susceptible to abuse. The purpose of the statute is not to provide a windfall to attorneys; rather, it is to permit the insured to obtain competent representation.

*Phelps*, 340 Ark. at 443, 10 S.W.3d at 857 (citing *Equitable Life Assur. Society v. Rummel*, 257 Ark. 90, 91, 514 S.W.2d 224, 225 (1974)) (internal citations omitted).

In determining what amount is reasonable to award as attorney's fees, the Court must consider the following factors: (1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in controversy and result obtained; (4) the novelty and difficulty of the issues presented; (5) the fee customarily charged for similar services in the local area; (6) whether the fee was fixed or contingent; (7) the time limitations imposed by the client or the circumstances[4]; and (8) the likelihood, if apparent to the client, that the engagement will preclude other employment by the attorney. *Running M Farms v. Farm Bureau Mut. Ins. Co.*, 371 Ark. 308, 312-13, 265 S.W.3d 740, 743 (2007); *Phelps*, 340 Ark. at 442, 10 S.W.3d at 856. The court should be guided by those factors, but there is no fixed formula in determining reasonable fees.

---

[4] The opinion in *Running M Farms* describes the seventh factor as "the time limitations imposed on the client in the circumstances," but that may be a scrivener's error. *See* Ark. Rule of Prof. Conduct 1.5(a)(5) and *Rummel*, 257 Ark. at 92, 514 S.W.2d at 226. Whether it is a scrivener's error or different manner of expressing the same point, that formulation has been repeated in many opinions of the Arkansas state and federal courts over the years.

*See Phelps*, 340 Ark. at 442, 10 S.W.3d at 856.[5] The Supreme Court of Arkansas has said that section 23-79-208 does not contemplate a contingent fee award. *Rummel*, 257 Ark. at 92, 514 S.W.2d at 225; *Old Republic Ins. Co. v. Alexander*, 245 Ark. 1029, 1041, 436 S.W.2d 829, 836 (1969). Nevertheless, appellate courts have affirmed awards that appear to have been based in significant part on a contingency fee agreement. *See Southern Farm Bureau Life Ins. Co. v. Cowger*, 295 Ark. 250, 257-58, 748 S.W.2d 332, 337 (1988) (affirming trial judge's awarding of fee that was nearly but not precisely equal to the attorney's contingency fee amount); *Home Mut. Fire Ins. Co. v. Jones*, 63 Ark. App. 221, 233, 977 S.W.2d 12, 18 (1998) (same). *See also Fuller v. Hartford Life Ins. Co.*, 281 F.3d 704, 708 (8th Cir. 2002) (affirming an award of $125,000 when the district court considered the contingency fee amount of $167,000 along with the other relevant factors).

Here, Old St. Paul asks for an award of $10,911,824.81, which represents 25% of the verdicts for compensatory and punitive damages, plus fees, expenses, and costs paid to its attorney's former firm. That request is denied. An award of more than $10,000,000 would be excessive. As explained above, the statute authorizes an award of attorney's fees for the breach of contract claim against First Nation Insurance Group but not for the tort claims. The jury found Old St. Paul's damages on the breach of contract claim to be $3,016,700. An award of $10,911.829.81 would exceed the damages on the claim for which attorney's fees can be recovered by several million dollars and would be unjustified in light of the factors to be considered.

---

[5] In *Phelps*, the plaintiff's counsel sought attorney's fees based on the lodestar method, which would have exceeded the amount due under his contingency fee agreement, but he merely estimated the total amount of time allegedly spent on the case and did not itemize his time. Because the plaintiff's attorney admitted that he had taken the case on a contingency-fee basis, the Supreme Court affirmed the trial court's awarding of $5,433.13 in fees, or one-third of the total judgment of $16,299.40. *Phelps*, 340 Ark. at 443, 10 S.W.3d at 857.

With respect to the eight factors that must be considered, the Court finds: (1) the attorney representing Old St. Paul has almost eighteen years of experience and has represented Old St. Paul well; (2) through trial, the attorney for Old St. Paul had expended at least 548.1 hours (289.3 hours while in the firm of Rieves, Rubens & Mayton plus 258.8 hours while with Hale, Young, Jackson & Partlow)[6]; (3) the amount in controversy on the breach of contract claim was approximately $3,000,000, and Old St. Paul obtained a judgment for the full amount; (4) while the contract issues in the end were not complicated, there were novel and difficult issues involved in locating, serving, conducting discovery, and litigating with an entity that appears to be a sham; (5) on an hourly-rate basis the evidence shows that the fee customarily charged for legal work of this nature in the relevant community would be $200 per hour, but a contingency fee for a case of this sort typically would be 40% of the recovery; (6) the attorney represented Old St. Paul initially on an hourly rate basis and subsequently based on a contingency fee agreement; (7) there has been no special time limitations imposed by the client or the circumstances; and (8) acceptance of this engagement has not precluded other employment by the attorney.

According to the affidavit submitted by plaintiff's counsel, the total fees and expenses billed to Old St. Paul by his former firm, Rieves, Rubens & Mayton, is $51,878.48, of which the balance of $7,420.72 remains unpaid; and the total that would be owed to his present firm, Hale, Young, Jackson & Partlow, if that firm billed Old St. Paul at the lawyer's current hourly rate, would be $66,293.48. The sum of those two figures is $118,171.96.

---

[6] A portion of this time was devoted to the tort issues, but it is not possible to segregate that time in this case. Moreover, the attorney will be required to spend a significant amount of additional time to collect the judgment, if any of it is collectible, and it is impossible to know how much time the collection efforts will take.

This is not a case in which a simple calculation of the hours spent to date multiplied by a reasonable hourly rate will yield a reasonable amount to award as an attorney's fee. On the one hand, the time spent to date includes time spent on claims other than the breach of contract claim against First Nation Insurance Group; but, on the other hand, a significant portion of the work in this case has yet to be done, for the challenge in collecting on the judgment likely will be greater than the challenge in obtaining it. Collecting will require finding assets of an apparently sham entity located in a foreign country and then (if any assets can be found) going through the process of obtaining the right to execute on those assets across the international boundary. Not only is much work yet to be done, whether any amount will be recovered is highly uncertain—which is to say that the attorney for Old St. Paul remains at risk of never being paid for his work. In these circumstances, the Court has concluded that an attorney's fee of $500,000 would be reasonable and would be consistent with the cases of the Supreme Court of Arkansas interpreting section 23-79-208. The amount of $500,000 is less than the amount that would be awarded based solely on the contingency fee agreement, but it takes into account the contingency fee agreement as one of the factors to be considered, along with the other factors. Assuming that the judgment can be collected, the award represents a substantial premium above a calculation based simply on the hours reasonably spent on the case to date multiplied by a reasonable hourly rate. For reasons already explained, the Court believes that the unusual facts of this case justify such a premium.

## CONCLUSION

Old St. Paul's motion for attorney's fees is granted in part and denied in part. Document #179. Judgment will be entered in favor of Old St. Paul in the amount of $500,000, against First Nation Insurance Group.

IT IS SO ORDERED this 25th day of June, 2010.

                                               */s/ J. Leon Holmes*
                                               J. LEON HOLMES
                                               UNITED STATES DISTRICT JUDGE