**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**OLD ST PAUL MISSIONARY BAPTIST CHURCH**                                            **PLAINTIFF**

v.                                  Case No. 3:07-cv-00043-LPR

**FIRST NATION INSURANCE GROUP,** *et al.*                                            **DEFENDANTS**

**ORDER**

On May 6, 2010, United States District Judge J. Leon Holmes entered Judgment in favor of Plaintiff following a jury trial. (Doc. 177). Judgment on Attorney Fees was entered on June 25, 2010. (Doc. 183). On April 24, 2020, Plaintiff filed a document entitled Revivor of Judgment or, Alternatively, Motion to Revive Judgment. (Doc. 185). This was just twelve (12) days short of the ten (10) year anniversary of the May 6, 2010 Judgment. Plaintiff did not mark the filing as an "emergency," nor did Plaintiff request time-sensitive treatment in any other manner.

Plaintiff's three-page filing, unaccompanied by a brief, states that "[p]ursuant to Fed. R. Civ. P. 81(b) & 69, the procedure on revival of the Judgment is pursuant to the laws of the State where the Court is located." (*Id.* at 2). That is correct. As Plaintiff suggests, Arkansas law applies. (*Id.*) Plaintiff's filing also states that "Ark. Code § 16-65-501 provides that a court 'shall' revive a judgment at any time when a request for Revivor is made within 10 years from that date of the entry of judgment." (*Id.*) Plaintiff's understanding of Arkansas law on revival of judgments explains why it risked submitting the filing so close to the ten (10) year anniversary of the judgment and chose not to identify the filing as time-sensitive. The problem for Plaintiff is that its understanding of Arkansas law on revival of judgments may be wrong.

Arkansas law governing revival of judgments provides that "[t]he plaintiff . . . at any time before the expiration of the lien of a judgment may sue out a scire facias to revive the judgment." ARK. CODE ANN. § 16-65-501(a). The Arkansas Supreme Court has made clear that to "sue out a scire facias" means "to apply to the court for the issuance of a court order or writ" of scire facias or an equivalent court order. *Rose v. Harbor E., Inc*., 2013 Ark. 496, at 9, 430 S.W.3d 773, 779 (2013) (internal quotations omitted). That Court also explained that "a writ of scire facias is a writ issued requiring a person against whom it is brought to show cause why a judgment should not be revived." *Id.* Liberally construed, Plaintiff's filing can be deemed an application for the Court to issue the necessary writ. But while an application is necessary to start the revival process, it is not sufficient to meet all the requirements of the statute and thus revive a judgment. *See* ARK. CODE ANN. § 16-65-501.

The next necessary step to revive a judgment is "the issuance of the writ by the clerk" of the appropriate court. *Rose*, 2013 Ark. at 9, 430 S.W.3d at 779. Without the issuance of the writ, and then the subsequent steps outlined in subsections (b) through (d) of the statute,[1] a revival of judgment is not possible. *See* ARK. CODE ANN. § 16-65-501(b)-(d); *Rose*, 2013 Ark. at 9-10, 430 S.W.3d at 779-80. And herein lies the potential problem for Plaintiff. Arkansas Code Annotated § 16-65-501(f) states that "[n]o scire facias to revive a judgment shall be issued except within ten (10) years from the date of the rendition of the judgment . . . ." Today is May 18, 2020. More than ten (10) years have elapsed since the May 6, 2010 Judgment. Reading the

---

[1] Most notably, "the scire facias shall be served on the defendant . . . ." Ark. Code § 16-65-501(b). Plaintiff may believe service is unnecessary. (Doc. 185 at 3, citing *Bohnsack v. Beck*, 294 Ark. 19, 740 S.W. 2d 611 (1987)). That is incorrect. *Rose* makes clear that, while *Bohnsack* held that Rule 4 of Arkansas Rules of Civil Procedure and its associated time limits do not govern service of the *scire facias*, service of the *scire facias* must still be completed as required by Arkansas Code Annotated § 16-65-501(b) or the procedures of subsection (c) must be properly invoked. *Rose*, 2013 Ark. at 10, 430 S.W.3d at 779.

plain language of subsection (f), the Court cannot direct the Clerk to issue a writ of scire facias (or the equivalent) on the May 6, 2010 Judgment.[2]

The Judgment at issue was for a very significant amount of money, much of which has not been satisfied. Before the Court denies the revival motion, the Court wishes to give Plaintiff every opportunity to explain to the Court how Plaintiff could still prevail. Accordingly, the Court directs Plaintiff to file a supplemental brief on or before midnight of May 21, 2020 addressing (1) the Court's understanding of the procedural steps required by Arkansas Code Annotated § 16-65-501 and (2) the Court's concern regarding subsection (f). If the Plaintiff believes the Court can still grant a revival of the May 6, 2010 Judgment, this supplemental filing should also (3) affirmatively lay out the next steps that Plaintiff envisions are necessary under, and consistent with, the statute in order to properly get to the ultimate destination of revival of the May 6, 2010 Judgment.

IT IS SO ORDERED this 18th day of May 2020.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[2] While the Court could still direct the Clerk to issue a writ (or the equivalent) on the June 25, 2010 Judgment on Attorney Fees (Doc. 183), Plaintiff has not asked for this.