IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**OLD ST PAUL MISSIONARY BAPTIST CHURCH**                                              **PLAINTIFF**

v.                           Case No. 3:07-cv-00043-LPR

**FIRST NATION INSURANCE GROUP,** *et al.*                                              **DEFENDANTS**

## ORDER

Plaintiff seeks to revive a Judgment from May of 2010 (Doc. 177) and a Judgment on Attorney Fees from June of 2010.  (Doc. 183).  The Court concludes that all the necessary prerequisites to revival have been met.  No party has objected to the revival of either Judgment, nor shown cause as to why the Judgments should not be revived.  Accordingly, the Judgments should be, and hereby are, revived.  However, to ensure a full and clear record, the Court will recount some important procedural history that is perhaps unique to this case.

On April 24, 2020, Plaintiff filed a document entitled Revivor of Judgment or, Alternatively, Motion to Revive Judgment.  (Doc. 185).  The Motion was not marked time-sensitive and so it did not end up in front of me for action until May 18, 2020.  This was just slightly more than ten (10) years after the May 2010 entry of judgment.  The Court was initially concerned about that timing.  Federal Rule of Civil Procedure 69 required the Court to follow the Arkansas procedure for revival of judgments.  As one of several prerequisites to the revival of a judgment, Arkansas law requires the issuance of a writ of scire facias from a court of competent jurisdiction no later than ten (10) years from the date of entry of judgment.  ARK. CODE ANN. § 16-65-501.

The Court directed Plaintiff to submit a supplemental brief discussing the procedural steps

necessary to revive a judgment under relevant federal and state rules. (Doc. 188). It specifically requested to know Plaintiff's position on this issue regarding writs of scire facias and the 10-year time limit. On June 3, 2020, Plaintiff submitted the requested brief. (Doc. 192). Plaintiff explained that Federal Rule of Civil Procedure 81 abolished the writ of scire facias in federal court and provided that "relief previously available through [the writ] may be obtained by appropriate action or motion under these rules." Essentially, Plaintiff's point was that in federal court a motion to revive judgment *entirely* replaces the writ of scire facias. So, for the Arkansas statute at issue, any reference to asking for or issuing a writ of scire facias is met simply by a motion to revive judgment. Under this view, as long as the motion itself is made within the 10-year window, revival can happen.

At that time, the Court thought that Plaintiff's argument was incorrect. In the Court's view, the best way to harmonize the relevant provision of Rule 69 (the requirement of following state procedure to revive judgments except where a federal statute governs) with the relevant provision of Rule 81 was to treat the Motion to Revive Judgment as a Motion for Writ of Scire Facias. The Court's reasoning was that the motion, rather than *entirely* replacing the writ of scire facias, only replaces the way in which a party asks a court to issue a writ of scire facias. Among other things, that would mean that a motion made within the 10-year window might not be enough; the Court might need to issue the writ of scire facias within the 10-year window as well. *See* ARK. CODE ANN. § 16-65-501; *Rose v. Harbor E., Inc.*, 2013 Ark. 496, 430 S.W.3d 773. However, the Court concluded that the 10-year window requirement was waivable (like a statute of limitations) and so the Court would make no determinations on that timing issue unless a defendant raised it.

On June 11, 2020, the Court construed Plaintiff's Motion for Revivor of Judgment as a

Motion for Writ of Scire Facias. (Doc. 196). The Court directed the Clerk's Office to issue the writ of scire facias for the Judgment and the Judgment on Attorney fees. (Docs. 196, 197). The Court further directed Plaintiff to serve the writs in accordance with Arkansas Code § 16-65-501(b). (*Id.*). There was precedent in this district for proceeding in this way. *See Old Republic Nat'l Title Ins. Co. v. Landmark Closing Co. et al.*, No. 4:09-CV-00422-DPM (E.D. Ark. May 20, 2020). There was also precedent for proceeding in the way that Plaintiff had argued to proceed. *See Terra Int'l, Inc. v. Tommy F. Robinson, et al.*, No. 4:02-CV-190-JLH (E.D. Ark. Feb. 10, 2014), *aff'd*, 594 Fed. Appx. 893 (8th Cir. 2015); *Kimberly Phillips v. Timothy Segrue*, No. 4:92-CV-00132-SWW (E.D. Ark. June 19, 2013).

Plaintiff filed an Objection to the writs arguing that Rule 81(b) abolished the writ and the that the motion for revivor "replace[d] the writ of scire facias for purposes of reviving a federal judgment in federal court." (Doc. 198 at 2). Plaintiff argued that it is "the *motion*, not the writ, that commences the process of revivor in federal court and provides the Court (under Rule 81(b)) the authority to revive the judgments." (*Id.* at 4). Plaintiff filed a proof of service for each Defendant showing that Plaintiff served both the Motions for Revivor and Writs of Scire Facias for the Judgment and the Judgment on Attorney Fees. (Docs. 199-202, 206, 207). Additionally, pursuant to a request from Plaintiff, the Court ordered constructive service under the state statute by posting notice on the door of the Federal Courthouse in Jonesboro, the Craighead County Courthouse, and online in the "News & Announcements" section for the Eastern District of Arkansas website. (Doc. 219). Such constructive service was properly completed. The Court has concluded that Plaintiff properly effected service of the Motions for Revival of Judgments and the Writs of Scire Facias on all Defendants.

The Court ordered Defendants to appear and show cause why the Judgments should not be

revived.  (Docs. 196-97, 219).   That hearing took place on September 14, 2020.   Mr. Lawrence Jackson appeared for the Plaintiff.   No counsel appeared for any of the Defendants.   No briefs were filed by any Defendants.   No written or oral opposition at all was received from any Defendants prior to, during, or after these proceedings.   As a result, Defendants did not show cause why either Judgment should not be revived.

After much deliberation, the Court has concluded (contrary to its original inclination) that the Plaintiff's position regarding writs of scire facias is correct.   The best reading of the relationship between the Federal Rules (specifically Rules 69 and 81) and the state statute is that in federal court the motion to revive judgment *entirely* replaces the writ of scire facias.   Although Rule 69 states that the procedure for obtaining money judgment "must accord with the procedure of the state where the court is located," it follows with "*but a federal statute governs to the extent it applies*."   (emphasis added).   The federal rules are considered the equivalent of federal statutes.   *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 506 (D.C. Cir. 2016) ("The Federal Rules are 'as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the . . . mandate [of a Federal Rule] than they do to disregard constitutional or statutory provisions.'") (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988)).   As a result, to the extent that the procedures detailed in the Arkansas statute for the writ of scire facias conflict with the Federal Rules, the Federal Rules supersede and govern.   What this means in practice is that, in federal court, so long as the motion to revive judgment is filed within the 10-year window, that particular timing prerequisite for the revival of a judgment is fulfilled.   Since the motion was filed within the 10-year window, Plaintiff in our case satisfied that prerequisite.   Plaintiff has satisfied all the other requirements of the statute as well.

Unlike Plaintiff, this Court does not think that the writ of scire issue is entirely free from

doubt. There are non-frivolous readings of the state statute and Federal Rules that would suggest that the Arkansas procedure still requires a federal court to issue a writ of scire facias (essentially a show cause order) prior to the 10-year deadline, even if a petition for writ or motion to revive judgment had been filed prior to the 10-year deadline. Even assuming this reading controlled this case, revival of the Judgments would be appropriate. That is because no party has raised the 10-year window objection. It is therefore waived, forfeited, or abandoned. *See Felton v. Rebsamen Med. Ctr., Inc.*, 373 Ark. 472, 480, 284 S.W.3d 486, 492 (2008) (discussing how failure to plead an affirmative defense, including the statute of limitations, results in waiver and exclusion of that defense).

For the foregoing reasons, Plaintiff's Motions for Revivor are GRANTED **in their entirety**. (Docs. 185, 193). The May 2010 and June 2010 Judgments are revived.[1]

IT IS SO ORDERED this 17th day of September 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[1] The 10-year timing concern only relates to the May 2010 Judgment. That is because the Court issued a writ of scire facias prior to the 10-year deadline for the June 2010 Judgment on Attorney Fees. Plaintiff filed its Motion to Revive Judgment on Attorney Fees (Doc. 193) on June 4, 2020 and the Court issued the corresponding writ on June 11, 2020. (Doc. 197). The 10-year window for issuing the writ did not close until June 25, 2020.